### ESTHER A. OSBORNE

*v.*

### JOHN T. WILLIAMS.

Where an injunction has been issued within ten days after the decree authorizing it, an appeal from such decree within the ten days suspends the operation of the writ, *ipso facto*, and it is unnecessary to apply to this court to dissolve the injunction or to stay the issuance of process on the decree.

---

On motion to dissolve injunction.

*Mr. W. Brinkerhoff*, for the motion.

*Mr. E. S. Savage, contra.*

BIRD, V. C.

In this case, a final decree was advised that an injunction should issue restraining the defendants from carrying on their trade in a particular manner. Before ten days elapsed from the filing of the decree, the complainant issued his writ upon that decree.

The defendants have given notice of motion "to dissolve the injunction as improvidently and irregularly issued, and, also, for an order staying the issuance of process on the final decree pending the appeal." Clearly, under the rule (149) and the case of *Schenck* v. *Conover, 2 Beas. 31,* the complainant was not entitled to his writ at the time it was issued.

It seems to me, just as clearly, that filing his notice of appeal within the ten days, stays the writ of execution until the further order of this court. Therefore, I am quite well satisfied that it is improper for the defendants to ask the court, at this time, to stay such writ pending the appeal. So far as he is concerned, it is already stayed by the rule of the court. It will be stayed, unless the other side comes in under the rule and shows good cause why it should no longer be stayed. Very many conditions may arise in which the court would feel called upon in the exercise of its discretion, to award the writ, notwithstanding the appeal.

The writ must be set aside as irregularly issued. The motion to stay the writ pending the appeal, will be denied. There should be no costs to either party. I will so advise.